991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert THROWER, Plaintiff-Appellant,
v.
Daniel KOVEIN; Phillip Barnes, Chief, Akron Police Dept.;
George Emershaw; Phillip Korey; Stewart I.
Mandel; Mary Ann Ward; and Tower
Eighty Management, Defendants-Appellees.
 No. 92-3211.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant appeals the district court's grant of summary judgment in favor of defendants in this civil rights action filed pursuant to 42 U.S.C. §§ 1983, 1985(2) and 1985(3) (1988). For the reason set forth below, we AFFIRM the district court.
 
 
 2
 * On September 11, 1990, Albert Thrower, currently an inmate at the Allan Correctional Institute in Lima, Ohio, initiated the present action[1] against seven defendants. Defendants Tower Eighty Management and Mary Ann Ward were dismissed on January 8, 1991, and Thrower does not appeal their dismissal.
 
 
 3
 Thrower's claims apparently arise from his arrest in Akron, Ohio on drug charges. He alleges that Daniel Kovein, an Akron police officer who arrested him, and Phillip Barnes, the Akron Police Chief, violated his Fourth, Eighth, and Fourteenth Amendment rights when he was arrested and his briefcase and the apartment where he was found were searched. On December 16, 1991, the district court granted Kovein and Barnes' joint motion for summary judgment.
 
 
 4
 Thrower was represented by attorneys George Emershaw, Phillip Korey and Stewart Mandel in the criminal proceedings brought against him by the State of Ohio following his arrest. While represented by these attorneys, Thrower negotiated a plea agreement which provided that several counts would be dismissed and Thrower would plead guilty to the remaining counts, and he did plead guilty. At sentencing, however, Thrower discharged these attorneys and moved to withdraw his guilty pleas.
 
 
 5
 In addition to the above claims against the police officers in the instant case, Thrower also alleges that his former attorneys conspired with the police and other state actors to deprive him of his constitutional rights. On August 6, 1991, Magistrate Judge James Gallas filed a Report and Recommendation which recommended that the joint motion of the attorneys, defendants Emershaw, Korey and Mandel, for summary judgment be granted. On September 17, 1991, Judge David Dowd entered an order adopting the Magistrate Judge's Report and Recommendation.
 
 
 6
 This court granted appellees Emershaw, Korey and Mandel's motion to dismiss the appeal as to them on February 22, 1993. Additionally, we note that since Thrower had not raised on appeal any issue regarding the §§ 1985(2) and 1985(3) claims he asserted against his former defense attorneys, those claims would have been considered abandoned and not reviewable on appeal in any event. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 On January 3, 1992, Thrower filed a motion to alter or amend the summary judgment as to Kovein and Barnes focusing for the first time on the search and seizure of his briefcase, which was in the apartment where he was arrested. On February 3, 1992, the district court denied Thrower's motion to alter or amend the judgment. Thrower thereafter filed the present appeal on February 27, 1992, abandoning all issues except those dealing with the search and seizure of the briefcase and an earlier denial by the district court of a motion to amend his complaint to add additional parties. On February 26, 1992, Judge Dowd filed a Certification pursuant to 28 U.S.C. § 1915(a), stating that "this appeal is frivolous and cannot be taken in good faith."
 
 II
 
 8
 This court reviews a grant of summary judgment de novo, making all reasonable inferences in favor of the non-moving party. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 9
 Thrower based his § 1983 claims against Chief Barnes solely on a respondeat superior theory. Such a theory is insufficient to support a claim brought under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984).
 
 
 10
 It is undisputed that the Akron Police had a valid warrant for his arrest and had the tenant's permission to search the apartment where Thrower was arrested. The search and seizure of Thrower's briefcase was therefore lawful for two reasons. First, a police officer may search a person and the surrounding area incident to a lawful arrest. Chimel v. California, 395 U.S. 752 (1969). Second, consent of a third party who possesses authority over the premises and effects to be searched is valid even though defendant may have some expectation of privacy in the premises or effects. United States v. Dunson, 940 F.2d 989, 995 (6th Cir.1991).[2] Since Thrower has shown no violation of a federal right or privilege, Parratt v. Taylor, 451 U.S. 527 (1981) (deprivation of a federal right or privilege is an essential element of a § 1983 action), he has failed to establish a key element of a § 1983 claim. Summary judgement is warranted in such a situation.
 
 
 11
 Additionally, Detective Kovein is entitled to qualified immunity. Police officers are entitled to qualified immunity for their actions during an arrest "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Bradenburg v. Cureton, 882 F.2d 211, 215 (6th Cir.1989); see Malley v. Briggs, 475 U.S. 355, 341 (1986) (qualified immunity protects all but the plainly incompetent or those who knowingly violate the law). The record is clear that Detective Kovein neither knowingly violated the law nor was he incompetent.
 
 
 12
 Moreover, Thrower's complaint consists of mere conclusory allegations unsupported by facts. His subsequent responses provide nothing more definite. Conclusory allegations will not support a claim for relief under § 1983. Place v. Shepherd, 446 F.2d 1239 (6th Cir.1971). The district court therefore properly granted the defendants' motion for summary judgment as to the claims under § 1983.
 
 III
 
 13
 This court reviews a district court's decision regarding a motion to amend under the abuse of discretion standard. Martin v. Associated Truck Lines, Inc., 801 F.2d 246 (6th Cir.1986). Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has, however, stated the following grounds as reasons for denying a motion to amend:
 
 
 14
 any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc....
 
 
 15
 Foman v. Davis, 371 U.S. 178, 182 (1962).
 
 
 16
 Thrower sought to amend his complaint to add additional police officers as defendants. Inasmuch as the search and seizure of the briefcase was lawful and any additional police officers would have been entitled to qualified immunity, Thrower's proposed amendment was futile. The district court therefore did not abuse its discretion in denying his motion to amend.
 
 IV
 
 17
 Accordingly, the district court's grant of summary judgment in favor of defendants is AFFIRMED.
 
 
 
 [1]
 This appears to be, at minimum, the eighth lawsuit filed by Thrower against these and various defendants. In Thrower v. Commerce Title Agency, No. 5:90CV1970 (N.D.Ohio Nov. 4, 1991), Judge Battista found that Thrower had been filing frivolous lawsuits and granted a permanent injunction barring him from filing future lawsuits. Likewise, in Thrower v. Beacon Journal Publishing Co., No. 5:92CV279 (N.D.Ohio April 29, 1992), Judge Bell found that Thrower's lawsuits had been vexatious and abusive and permanently enjoined him from filing further lawsuits without leave of court. In that particular lawsuit, Thrower named 108 defendants, including 50 "John Does" and such corporate entities as Warner Brothers Pictures, Paramount Pictures and the American Broadcasting Company. Neither of those two decisions prevented the instant proceeding since its filing predated the injunctions
 
 
 [2]
 There may be an additional basis supporting the lawfulness of the search and seizure of the briefcase. Although Thrower contends otherwise, the police officers contend that the briefcase was both open and in plain view. See Coolidge v. New Hampshire, 403 U.S. 443 (1971) (where the initial intrusion which brings the police within plain view of incriminating evidence is pursuant to a valid arrest or search warrant, seizure of that evidence is legitimate)